## JOSEPH WALKER & another *vs.* FRANCIS BUTTERICK.

A contract for one party to take goods from the other and return monthly the amount of sales, at the prices charged by the latter, who will furnish the former with all goods in his line, imports a consignment of the goods for sale, and not a sale of them, by the second party to the first.

REPLEVIN by the firm of Walker & Company of three hundred pairs of boots from the custody of a deputy of the sheriff of Worcester, who had attached them as property of the firm of Alexander & Company on mesne process in an action brought by Luke H. Kingsbury against that firm.

At the trial in the superior court it appeared that the replevied goods were part of goods that were sent by the plaintiffs to Alexander & Company under a contract of which the following was a memorandum: "Boston, November 25, 1868. Alexander & Company of the first part are to take goods from Walker & Company of the second part, and to return to them, the said Walker & Company, every thirty days the amount of sales, at the prices charged by the said Walker & Company, who will furnish Alexander & Company all goods in their line. Alexander & Company are worth, in real estate and money, $5000, of which they

hereby certify. Alexander & Co. We agree to the conditions of the within instrument. Walker & Co."

It also appeared that, after receiving from the plaintiffs goods under this contract, Alexander & Company made remittances to them monthly, accompanied with letters substantially in the terms of the following, which was one of them : " Fitchburg, February 25, 1869. To Walker & Company. Sirs : According to·contract we remit the sales since January 25, 1869, thirty days to February 25, 1869, $50.37. Please send receipt. Trade is quite dull as yet. Yours, Alexander & Company."

It further appeared that some months after the date of the contract Alexander & Company absconded, in debt to Luke H. Kingsbury, who thereupon sued them and caused to be attached. on his writ these boots, which they left unsold in their shop when they ran off.

Upon these facts, *Devens,* J., ruled that the contract was a contract for the consignment of the goods to Alexander & Company for sale by them on the plaintiffs' account, and was not a contract for the sale of the goods by the plaintiffs to Alexander & Company; directed a verdict for the plaintiffs upon the defendant's statement that the question so ruled upon was the only issue he desired to raise; and reported the case for the revision of this court.

*H. B. Staples & F. P. Goulding,* for the plaintiffs, were stopped by the court.

*J. S. Abbott,* for the defendant.

BY THE COURT. The terms of the contract, that Alexander & Company are to take goods from the plaintiffs, and return to them every thirty days the amount of sales at the prices charged by the plaintiffs, who will furnish Alexander & Company all goods in their line, imports a consignment, and not a sale.

*Judgment for the plaintiffs on the verdict.*