MATTHEW BULKLEY, EXECUTOR *vs.* EBENEZER T. ANDREWS.

An executor delivered to a legatee certain goods bequeathed to him by the testatrix, with an agreement that the legatee should take charge of them, and be responsible for their return to the executor, in case he should need them in the settlement of the estate. At the time of such delivery, the executor believed he had sufficient funds remaining in his hands to pay all debts and charges against the estate, and his object was to save the estate the expense of the care of the goods. The legatee afterward, on demand by the executor, refused to return the goods.

In an action for goods sold and delivered by the executor against the legatee, it was holden that the contract was one of bailment, and not of sale, and that the action could not be maintained.

GENERAL ASSUMPSIT for goods sold and delivered ; brought to the Superior Court, and tried on the general issue closed to the jury, before *Granger, J.* The jury returned a verdict for the plaintiff, and the defendant moved for a new trial for error in the rulings and charge of the court.

The declaration contained only the common counts, and the following bill of particulars was filed :

" Ebenezer T. Andrews

To Matthew Bulkley, Dr.

To cattle, beds, bedding, household furniture, hay, grain, carts, wagons and farming utensils, $800."

The goods in question belonged to the estate of Elizabeth H. Godfrey, deceased, of whose will the plaintiff was executor. The testatrix, after the payment of debts, bequeathed the residue of her personal estate to her three nieces, Mary E. Johnson, Eliza Sherwood and Elizabeth Andrews, in equal shares.

The plaintiff offered himself as a witness, to prove that after the appraisers of the estate had finished appraising so much of it as they could find, he proposed to the defendant, the father of Elizabeth Andrews, one of the legatees, she being then absent, and to Moses Sherwood, the husband and trustee of Eliza Sherwood, another of the legatees, and Nathan B Johnson, the father of Mary E. Johnson, the other of the legatees, then a minor, that this property (the goods and chattels of

the estate) should be taken by them and taken care of, as it was necessary some one should do it, and that each should be responsible, till such time as he should want it, or till it should be necessary for him to have it for the purpose of completing the settlement of the estate. That in this the plaintiff acted with the persons as for themselves, requiring a promise of them to make an exact inventory of what property each should take, and return it to the plaintiff. That all of the persons agreed to this proposition, and he authorized them to go on and take charge of the property, as it was agreed between them. He further offered his own testimony to show that one-third of the goods and chattels so proposed to be delivered was received by the defendant; and that before the commencement of this suit, in January, 1870, the plaintiff demanded of the defendant to return to him the goods so received by him, but that the defendant never returned any of them to the plaintiff, and no inventory of them was returned to the plaintiff before the trial. To this evidence the defendant objected, on the ground that it did not support the declaration ; that the ground of recovery in this action was limited by the bill of particulars to goods sold and delivered, and that the taking of the goods did not conduce to show a sale of the goods to the defendant, but a bailment of them. But the court overruled the objection and admitted the evidence.

The plaintiff also offered the testimony of Nathan B. Johnson, which was substantially the same as that given by the plaintiff, with this addition, that each of the parties, as a part of the agreement, promised to be responsible for the goods that each should take. To this evidence also the defendant objected, on the same ground on which objection was made to the testimony of the plaintiff, but the court admitted it.

The defendant offered evidence to prove that at the time the proposition was made to take and divide the goods, the plaintiff said to the defendant, and to Sherwood and Johnson, that it would be considerable trouble and expense to him to keep the goods, and as he did not then know of any debts against the estate, and if there were any they were very small,

and as he did not think that he should need this property to pay the debts and expenses, it would save the estate the expense of taking care of the property ; that the defendant and Johnson and Sherwood, each for himself, then consented to take one-third part of the goods, and each to be responsible therefor. Sherwood, the defendant and Johnson, therefore divided the goods into equal shares, and each of them took one share, and the defendant delivered the share which he took to his daughter, within three weeks from that time, and before the goods were demanded· of him ; that at the time when the plaintiff proposed the division of the goods, he gave as a reason therefor that he had the two savings bank books and the cash, and that he thought that there was enough, and more than enough, to pay all the debts and expenses of settling the estate ; and that none of the parties to whom the property was delivered promised to be responsible for the goods delivered to the others, and that the defendant accepted and received the goods of the plaintiff.

The defendant further requested the court to charge the jury, that if the plaintiff delivered the goods to the defendant to be kept by him until it should become necessary to have them returned to the plaintiff to enable him to pay the debts and charges against the estate, and to settle the estate, and that the plaintiff demanded the goods of the defendant before suit was brought, and the defendant refused to deliver them to the plaintiff, the plaintiff was not entitled to recover ; that if they should find that the plaintiff delivered the goods to the legatees, or their· agents, to be equally divided between them, and that the defendant promised the plaintiff that he would be responsible for the share delivered to him if they should be needed in the settlement of the estate, and they were so divided, and the defendant delivered the share of Elizabeth to her, and has not had the possession or custody of them since, and they were demanded of him after he parted with the possession of them, the plaintiff was not entitled to recover ; that if they should find that the plaintiff delivered the goods to the defendant and the other parties to the agreement, to be equally divided for the legatees in the

will, and they were so divided, and the defendant received the share of Elizabeth, upon an agreement to be responsible to the plaintiff for that share, if it should be needed in the settlement of the estate, and the jury should also find that, at the time of the commencement of this suit, the plaintiff had in his hands money of the estate sufficient to pay all the debts, legal charges and expenses of settling the estate, the plaintiff was not entitled to recover.

· The court charged the jury as follows: " It is conceded that the plaintiff is the executor of the will of Mrs. Godfrey; that as such executor he was entitled to the property mentioned in the bill of particulars, and that some portion or all of this property went into the hands of the defendant, and that it has never been returned to the plaintiff, and the important inquiry for you is, under what circumstances this property went into the hands of the defendant? In what capacity did he receive it? Did he receive it as a mere naked bailee, or as a trustee for his daughter, and as her portion under the will, or did he receive it under such circumstances that the law will compel him to pay the plaintiff its value?

· The plaintiff places his case upon the ground that this property went into the hands of the defendant, under an agreement by the defendant to return it in case the plaintiff should require it to pay debts and charges against the estate, and to complete its settlement, or to be responsible to the plaintiff for the value of the property. If you believe from the evidence that there was such an agreement, and that the plaintiff requires this property to pay the debts and charges allowed against the estate, then he is entitled to recover; but if the defendant received the property merely as bailee, or as trustee for his daughter of her portion under the will, then the plaintiff is not entitled to recover in this action."

In all other respects the court charged as requested by the defendant.

Other facts in the case, and other questions presented by the motion, are omitted as unnecessary in view of the decision.

*Sturges,* in support of the motion.

---

---

*Sanford,* contra.

FOSTER, J.  Of the multiplicity of questions which appear on this motion it will be necessary to consider but few, as a decision of those will dispose of the case.

The testimony of the plaintiff as to the agreement between himself and the defendant affords, probably, the most favorable grounds on which to rest the plaintiff's claim.  Giving that testimony the most liberal construction, it fails altogether to prove a contract of sale ; it does not even tend to prove such a contract, but to prove one of a different character—a contract of bailment.  Such testimony was not admissible; it was properly objected to, and should have been rejected.

Looking at the relation of these parties, the subject matter of the contract, and all the surroundings of the transaction, we are enabled to understand very fully the object and intent of the parties in entering into the agreement made by them.  Such examination makes perfectly clear what possibly might otherwise be doubtful.

The property which was the subject of the suit belonged to the estate of Mrs. Godfrey, who by her last will had bequeathed almost all of her personal estate, subject of course to the payment of her debts, to her three nieces.  One of those nieces was a daughter of the defendant, and a minor.  The plaintiff was executor of the will of Mrs. Godfrey.  There were few or no debts, and no legacies payable in money.  Now it is perfectly apparent, in this state of facts, that the plaintiff did not mean to sell this property, and equally apparent that the defendant did not mean to buy it.  The design of the parties was to make a distribution of the property according to the will.  It was for their common advantage to do so.  Such distribution was then premature certainly, and it was understood so to be.  It was possible, though not probable, that the property distributed might be wanted in the settlement of the estate.  That contingency was provided for, and so it was agreed that if wanted it should be restored.  The defendant was to be responsible, that is, for his share.  No idea of purchase and sale being in the mind of either party, he was not

responsible as purchaser, but as bailce. As such he seems to have taken the property ; as such he stands chargeable.

The judge at the circuit recognized, and we have no doubt maintained throughout in his own mind, a clear and proper distinction between the liability of the defendant as bailce, and as purchaser, and very correctly instructed the jury that if the defendant received the property merely as bailce, or trustee, the plaintiff could not recover in this action. The jury however were also instructed that the plaintiff would be entitled to recover, if the property went into the hands of the defendant under an agreement that he, the defendant, would return it, in case it should be required to pay debts and charges against the estate, or be responsible to the plaintiff for the value of the property. We think the jury were misled by this instruction, for without some qualification we think it erroneous.

We think the testimony of the plaintiff, and the other testimony of the same character, in support of the claim for goods sold and delivered, was inadmissible under this declaration.

A new trial therefore is advised.

In this opinion the other judges concurred ; except CARPEN-
TER, J., who was absent.