## FITCH & CHATTERTON v. GUS ASHER.

1. PLEADING. *Variance.*

Under a declaration for goods sold and delivered, a recovery cannot be had for articles consigned by the plaintiff to the defendant to sell, and account with the plaintiff for the invoice price of those sold, returning the others.

2. SAME. *Defendant's notice.*

*Non assumpsit* to a declaration in *assumpsit* is sufficient notice of any defence which is a mere denial of the contract sued on.

APPEAL from the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

To a declaration containing a single count of *indebitatus assumpsit*, for goods sold and delivered, the defendant pleaded *non assumpsit;* and the proof was, that he held the goods under a contract to sell them for the plaintiffs, with whom he was to account for the invoice prices of such as he sold, and return the others to the plaintiffs. To the evidence of this defence the plaintiffs objected, when it was offered by the defendant, on the ground that no notice thereof was in the pleadings; and excepted to the order overruling their objection.

*J. W. Covington,* for the plaintiffs in error.

1. The absence of notice of the defence relied on precluded the introduction of the evidence thereof. Code 1871, sect. 599; Acts 1875, p. 161; 1 Chitty's Pl. 516.

2. The count for money had and received was not necessary under our practice, and not maintainable at common law, where the contract is in part performed. Code 1871, sect. 577; 2 Chitty's Pl. 263; 1 *ib.* 355. The contract was, sale or return. 1 Story on Con., sect. 32a; 1 Pars. on Con. 40; *Wadlington* v. *Hill,* 10 Smed. & M. 560.

*J. W. Covington* also argued the case orally.

*J. A. Brown,* for the defendant in error.

1. The defence was not in avoidance, but a denial of the contract sued on, and notice thereof was unnecessary.

2. Asher was a bailee, not a purchaser; nor was there proof that he had failed either to account for the goods sold or to return those unsold, on demand.

CAMPBELL, J., delivered the opinion of the court.

The plaintiffs did not introduce any evidence tending to show a sale of goods to the defendant. The transaction shown was a *consignment,* and not a *sale;* and the case made by the pleadings was not sustained by the evidence. It is to be regretted that the declaration was not so drawn as to entitle plaintiffs to avail of the " actual cause of complaint " they had against defendant, or that an amendment of the declaration was not asked for, so as to avail of the state of case presented by the evidence; but it is clear that, upon the evidence, no recovery could be had by the plaintiffs under their declaration. The transaction between plaintiffs and defendant was not a " sale or return," as argued by counsel. In such case, title passes to the bargainee, and if he does not exercise his option to return, the sale stands; and, being a sale, it may be that *assumpsit* for goods sold and delivered is maintainable. But here there was no sale; no title passed to the defendant, who was the mere bailee of the goods; accountable to his bailor, it is true, but not liable for goods sold and delivered. *Bulkley* v. *Andrews,* 39 Conn. 70; *Walker* v. *Butterick,* 105 Mass. 237; *Hunt* v. *Wyman,* 100 Mass. 198.

· There is no force in the objection that the evidence offered by defendant was not admissible under the pleadings. This evidence was purely defensive, going to the negation of the averment of the declaration.

Judgment affirmed.