Harris v. Coe et al.

---

HENRY HARRIS *vs.* WILBUR F. COE ET AL.

First Judicial District, Hartford, October Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Pursuant to an oral agreement the plaintiff, a merchant, delivered to *M* certain goods selected by the latter, to be sold by him on commission, and for which he was to account, at stated intervals, at prices fixed by the plaintiff. This agreement was made in good faith and neither party intended that the title to the goods should pass to *M*. In an action of replevin against a creditor who had attached the goods as the property of *M*, it was *held:*—

1. That the transaction must be treated as a consignment of goods for sale, as contemplated by the parties; and the mere fact that *M* was not obliged to sell the goods at the prices for which he was

accountable to the plaintiff, did not, as matter of law, transform the contract into one of sale to *M.*

2. That Chap. 212 of the Public Acts of 1895, p. 563, concerning conditional sales of personal property, had no application to the contract in question.

Argued October 4th—decided November 11th, 1898.

ACTION of replevin, brought to the Court of Common Pleas in Litchfield County and tried to the court, *Welch, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants for alleged errors in the rulings of the court. *No error.*

The trial court found the following facts: The plaintiff and defendant Taylor, are merchants in Torrington, Conn., and the defendant Coe is a deputy sheriff.

The property replevied in this action was attached by the defendant Coe, upon a lawful writ of attachment issued in favor of Taylor, and against one Mamory, a merchant having a store in Winsted, to recover an indebtedness claimed to be due to the said Taylor for goods sold to said Mamory on credit, and was duly and legally served and returned to court.

The goods described in the replevin writ were delivered to Mamory by the plaintiff, under the following circumstances: Prior to March 11th, 1897, the plaintiff had sold articles of merchandise to the said Mamory for cash only. On or before March 11th, 1897, the plaintiff received an application from the said Mamory to sell him goods on credit, but the plaintiff refused so to do.

On March 11th, 1897, the plaintiff and the said Mamory entered into an agreement by the terms of which the said Mamory was to sell goods, such as he might select, for said plaintiff on consignment during one month, on trial; the said Mamory was to make an accounting each week for all goods sold by him for said plaintiff, at the prices designated by the plaintiff, and at the expiration of the month there was to be a final settlement, at which time said Mamory was to receive a commission of fifteen per cent on the prices given him by the plaintiff, for his services.

On the 11th, 18th, and 25th days of March, 1897, the

plaintiff, pursuant to the said agreement, delivered merchandise to the said Mamory amounting in the whole to $162.25 ; all transportation charges upon said articles of merchandise were paid by Mamory, and the same were placed in his store, with some few exceptions, separate and apart from his own merchandise.    The tickets placed on the goods by plaintiff were not removed.

The said Mamory made two payments, amounting in the aggregate to $35, which were for the goods sold by him that were received on said agreement of consignment.    The plaintiff credited said payments on his account against said Mamory, in which said goods were described as " on consignment," or " consigned," and after deducting said payments, wrote upon said account in some places "balance due," and in other places "balance due me," stating the amount.

The plaintiff and Mamory, prior to the service of the writ in this action, had no final settlement, and Mamory had never received from the plaintiff any commission for the selling of any of the merchandise so delivered by him to said Mamory.

There was no evidence produced that said agreement between the plaintiff and said Mamory was in writing and recorded, as required by the Act concerning conditional sales.

By the terms of the agreement the said Mamory was to sell said goods at the prices designated by the plaintiff and marked thereon, at which prices he was to account to the plaintiff as specified in said paragraph.

*Samuel A. Herman* and *Willard A. Roraback*, for the appellants (defendants).

Upon the evidence of the plaintiff the trial court should have found the facts requested by the appellants.    There is no conflicting testimony, and therefore it was error for the court to refuse the requests.    *Atwater* v. *Morning News Co.*, 67 Conn. 504 ; *Thresher* v. *Dyer*, 69 id. 404 ; *Hygeia Distilled Water Co.* v. *Hygeia Ice Co.*, 70 id. 516.    Taking the facts as they exist, the transaction shows that there was in fact a sale from the plaintiff to Mamory, and that it was so intended at the time of the transaction.    *Hotchkiss* v. *Higgins*, 52 Conn.

205; 21 Amer. & Eng. Ency. of Law, 520, 522; *Braunn* v. *Keally*, 146 Pa. St. 519; *Peoria Mf'g Co.* v. *Lyon*, 153 Ill. 427; *In re Linford*, 4 Sawy. (U. S.) 370; Benj. on Sales, § 598; *Hadfield* v. *Berry*, 28 Ill. 384. If the transaction is not a contract of absolute sale, then it must be a conditional sale, and must conform to the requirements of Chap. 212, Public Acts of 1895. The finding shows that it was not reduced to writing nor recorded in the town clerk's office. A conditional sale may be either upon conditions precedent or subsequent. This transaction, if it is a conditional sale at all, would be upon a condition subsequent. *Chamberlin* v. *Dickey*, 31 Wis. 68; 6 Amer. & Eng. Ency. of Law (2d ed.), 450; *Thornton* v. *Cook*, 97 Ala. 630. The property in question was in the possession of Mamory at the time it was attached. Possession is a presumption of ownership. *Avery* v *Clemons*, 18 Conn. 309; *Haight* v. *Turner*, 21 id. 597. And so long as the plaintiff in this case was negligent in not having a contract as the law prescribes, he, and not an innocent person, should suffer. *Brundage* v. *Camp*, 21 Ill. 330; *Murch* v. *Wright*, 46 id. 487; *Lonergan* v. *Stuart*, 65 id. 44; *Bastrers* v. *Chickering*, 18 Ill. App. 198.

*Leonard J. Nickerson*, for the appellee (plaintiff).

The errors claimed to have been made by the trial court in finding from the evidence its conclusions of fact, cannot be considered. *Morehouse* v. *Morehouse*, 70 Conn. 418; *Hygeia Distilled Water Co.* v. *Hygeia Ice Co.*, ibid, 530; *Thresher* v. *Dyer*, 69 id. 404; *Atwater* v. *Morning News Co.*, 67 id. 504. The Act of 1895 concerning conditional sales, did not change the nature of such sales in any respect. Its effect was to render conditional sales, which should be thereafter made, absolute sales as to creditors and *bona fide* purchasers of the vendee, unless made in conformity with the provisions of the Act. *Grain Elevator Co.* v. *Callanan*, 42 N. Y. Suppl. 932; *In re Wilcox and Howe Co.*, 70 Conn. 228; *Robinson's Appeal*, 63 id. 290; *Beach's Appeal*, 58 id. 464; *Union Stock Yards & T. Co.* v. *Western L. & C. Co.*, 18 U. S. App. 438; *Williamson* v. *Berry*, 8 How. (U. S.) 495–544. There is

not a single element in the agreement between the plaintiff and Mamory which brings it within the meaning or definition of a conditional sale. Mamory was to act as the agent of the plaintiff, and was to sell the goods for a commission. He was never to own them. He was never to receive any title in them of any kind, either general or special. *Lewis* v. *McCabe*, 49 Conn. 154; 1 Benj. on Sales, 2, and note; *State* v. *O'Neil*, 58 Vt. 140. The intent of the contract has been found by the court. The defendant cannot insist upon a different interpretation of the agreement from that given it by the parties, as found by the court. *Met. Nat. Bank* v. *Benedict Co.*, 74 Fed. Rep. 185; *Russner* v. *Oxley*, 80 Ind. 580. The consignor of goods to be sold on commission does not part with his title by the consignment. He continues to be the true owner until the goods are sold by the consignee. *Com. Nat. Bank* v. *Heilbronner*, 108 N. Y. 439; *Baker* v. *N. Y. Nat. Ex. Bank*, 100 id. 33; Edw. on Bailments, 281; *Sturm* v. *Boker*, 150 U. S. 312. Under a consignment of goods to be sold by the consignee at any price he sees fit, he to remit to the consignor a price fixed at the time of the consignment, but to remit only after sales made and for the goods sold, the goods remain the property of the consignee until sold. They cannot be attached by a creditor of the consignee as his property. *Soria* v. *Davidson*, 21 J. & S. (N. Y.) 470; *Walker* v. *Butterwick*, 105 Mass. 237; *Holly* v. *Huggeford*, 8 Pick. 73; *McCollough* v. *Porter*, 4 W. & S. (Pa.) 177.

HALL, J. Counsel for the defendants asked the trial court to incorporate in its finding the facts that the agreement between the plaintiff and Mamory was not in writing, and that by the terms of the parol agreement no limitation was placed upon the price at which Mamory was to sell the goods received by him from the plaintiff.

These facts should have been added to the finding. They are pertinent to the questions of law raised by the appeal, namely, whether by a proper construction of the contract between the plaintiff and Mamory there was either an absolute

sale of the goods to Mamory, or such a conditional sale as under the provisions of Chap. 212 of the Public Acts of 1895 was invalid as against the defendant Taylor.

From the evidence certified to this court, comprising the testimony of both parties to the contract, the facts seem to be undisputed that the agreement described by these witnesses was not in writing, and that the price at which Mamory was to sell the goods was limited by no other provision of the contract than that for all goods sold he was to account to the plaintiff at the price fixed by the latter. We must therefore correct the finding in these respects, and in deciding the questions of law raised by the appeal must regard it as including these facts, and as not containing facts found which are inconsistent with them.

Was the contract in question one of sale or bailment? What the terms of the agreement entered into by the parties were, is a question of fact upon which the decision of the trial court is final. What the legal effect of the provisions of the contract is, is a question of law which may be reviewed upon appeal. *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473. What, then, were the terms of the parol contract which we are asked to construe, and under which the goods in question were delivered to Mamory?

For the period of one month the plaintiff, from his store, was to furnish to Mamory certain goods which the latter was to select and to sell for the former on consignment, accounting each week for all the goods sold, at prices designated by the plaintiff and marked upon the goods. At the expiration of the month there was to be a final settlement, when Mamory was to receive for his services fifteen per cent of the prices fixed by the plaintiff, upon all goods sold. Transportation charges were to be paid by Mamory.

The trial court has found that there was no intention of a sale of any kind to Mamory, but that it was intended that he should receive the goods and sell them as agent of the plaintiff on consignment. It is not claimed that the defendant Taylor was induced to give credit to Mamory by reason of any apparent ownership of these goods by the latter.

Considering the language of the contract and the circum stances under which it was made, we think it was neither an actual nor constructive sale. The agreement was not a mere subterfuge, but was made in good faith, and with the intention that the title should not at any time, or upon any condition, pass to Mamory. By the express terms of the agreement the goods were delivered to him upon consignment. It was expressly provided that he was to receive and sell them as the plaintiff's agent, and that each week he should account for all goods sold at the plaintiff's fixed price, including his commission of fifteen per cent, which was to be paid to him by the plaintiff upon final settlement at the end of the month.

A consignment of goods for sale is ordinarily a bailment. The word consignment does not imply a sale. The very term imports an agency, and that the title is in the consignor. Benjamin on Sales (6th ed.), 7 ; *Sturm* v. *Boker*, 150 U. S. 312, 326 ; *Rolker* v. *Great Western Ins. Co.*, 3 Keyes, 17, 23 ; *Powell* v. *Wallace*, 44 Kan. 656, 659.

But the defendant claims that notwithstanding it appears by the terms of the contract to have been the real intention of the parties that Mamory should receive and sell the goods as plaintiff's agent and receive a commission from him, yet because the consignee, though bound to account to the consignor at a fixed price, might himself sell at any price, the contract is in law one of sale.

We do not think that the absence of a limitation upon the price at which goods may be sold by a consignee who is to account to his consignor at a fixed price, will transform an agreement made in good faith and clearly intended by both parties to be one of agency, into a contract of sale. Whatever may have been the decisions of courts elsewhere, it has been distinctly held in this State that such power in the consignee does not of itself render a contract intended to be one of consignment, a contract of sale ; and that such right in the consignee is not inconsistent with the retention of ownership by the consignor.

In the case of *Lewis et al.* v. *McCabe*, 49 Conn. 141, the plaintiffs delivered several casks of liquor to McAvoy, a re-

tail dealer, upon condition that the title should remain in the plaintiffs until the goods were paid for, and with the understanding that the retail dealer might use the goods in his business, and that the plaintiffs could only enforce their condition as to the part remaining unsold. It was held that this was not an absolute sale; and that, as against the attaching creditors of McAvoy, the title to the unsold goods remained in the plaintiffs.

In the case of *Mack* v. *Story*, 57 Conn. 407, the facts were that the plaintiff, a wholesale liquor dealer, delivered to one Corture, the proprietor of a hotel and bar-room, four barrels of liquors upon an agreement that the title should remain in the plaintiff until they were paid for; that Corture might sell the liquors to his customers; that for the liquors so sold he should account and pay to the plaintiff at the price at which they were billed to him by the plaintiff, and that the plaintiff should only enforce the condition against the unsold portion. Corture kept and sold the liquors with others in his bar-room, when they were attached by his creditors. The plaintiff having brought an action of trover against the attaching officer, it was held by a majority of the court that this was not a contract of absolute sale, and that the unrestricted right given to Corture to sell to his customers was not inconsistent with the retention of title by the plaintiff.

The contracts in the two cases just cited were held to be conditional sales, because they expressly provided that the title should not pass until payment of the purchase price; and not because, while requiring him to account at a fixed price for goods sold, they gave to the person receiving the goods the right to sell them at any price before he became the owner of them.

The recent case of *Johnson* v. *Allen*, 70 Conn. 738, 744, turned upon the construction of an agreement, which the plaintiff claimed was a contract of sale. The essential provisions of the agreement, and the construction placed upon it, are thus stated in the opinion of the court: "The plaintiff is to buy grain and deliver it to Norman; it is to remain the property of the plaintiff, but Norman may grind it, and may

sell it to whom he sees fit, and for such price, on such terms, in such quantities, and at such times as he sees fit; he is, so far as sales by him are concerned, to be responsible only for what he sells or disposes of, and that, too, only to the extent of the price per bushel fixed by the contract; if he sells at a profit the gain is his, if at a loss the loss is his; and he and not the plaintiff is to collect the bills for grain so sold by him. Under such a construction every delivery of grain to Norman was a bailment and not a sale."

It is claimed by the defendant that if the transaction between the plaintiff and Mamory was not an absolute sale, it was a conditional sale within the meaning of Chap. 212 of the Public Acts of 1895.

That Act applies only to those contracts by which the title to personal property is not to pass from the owner to another upon delivery, but is to pass to the purchaser upon the performance by him of some condition after delivery. *In re Wilcox and Howe Co.*, 70 Conn. 220. By the contract before us it was the *bona fide* intention of the parties that the title to the goods should not at any time pass to Mamory, but that he should receive and sell them for the plaintiff. There is nothing, either in the language of the agreement or in the facts found, which would justify us in disregarding the plain intention of the parties, by construing the contract to be one of sale, either absolute or conditional.

In rendering judgment for the plaintiff there was no error.

In this opinion the other judges concurred.