NORTHERN ELECTRICAL MANUFACTURING COMPANY, Appellant,
vs. THE J. C. WAGNER COMPANY, Respondent.

*December 12, 1900 — January 8, 1901.*

*Sale of chattels: Consignment for sale: Agency: Evidence.*

1. If a consignee of goods is at liberty, under the contract between him
   and the consignor, to sell at any price he likes and receive pay-
   ment at any time he likes, but is to be bound, if he sells the goods,
   to pay the consignor for them at a fixed price, their relation is not
   that of principal and agent, and the consignor cannot maintain an
   action against the purchaser for the price.
2. A consignee may, by the terms of his agreement, be the agent of
   the consignor until the consigned goods are sold, and when they
   are sold become, as between him and the consignor, the purchaser
   of, and principal debtor for, the goods.
3. Where, in an action by the consignor against a purchaser from the
   consignee, defendant claimed that at the time of his purchase the
   consignee was not an agent but a vendee of the plaintiff, evidence
   that prior to the action the plaintiff exacted payment from the
   consignee and drew upon the latter for the price is admissible.

APPEAL from a judgment of the superior court of Milwau-
kee county: OREEN T. WILLIAMS, Judge.    *Affirmed.*

For the appellant there was a brief by *Winkler, Flanders,
Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

For the respondent there was a brief by *Nath. Pereles &
Sons,* and oral argument by *G. D. Goff.*

CASSODAY, C. J.    The complaint alleges, in effect, that the
plaintiff is a corporation existing under the laws of this state,
engaged in the manufacture and sale of electrical apparatus
and machinery, having its principal place of business at
Madison, and that the defendant is a corporation existing
under the laws of this state, having its principal place of
business at Milwaukee; that this action is brought to recover
$145, as the agreed price of one eight horse power motor,
furnished, sold, and delivered by the plaintiff to the defend-

ant at Milwaukee July 15, 1898, which sum the defendant then and there promised and agreed to pay to the plaintiff, and which it had failed to do, though often requested. The defendant answered by way of admissions and denials. At the close of the trial of such issues the jury returned a verdict in favor of the defendant. From the judgment entered thereon accordingly the plaintiff brings this appeal.

Error is assigned because the court refused to direct a verdict in favor of the plaintiff for $130, or to set aside the verdict and grant a new trial. This is based upon the theory that the motor was the property of the plaintiff up to the moment when it was sold to the defendant by Julius Andrae & Sons Company, acting only as agent of the plaintiff, and liable to account to it only in that capacity. In other words, it is claimed that the verdict is not supported by the evidence.

It appears from the record, and is undisputed, that September 3, 1897, the plaintiff entered into a written contract with Julius Andrae & Sons Company whereby, in effect, the latter company was appointed and constituted the plaintiff's sole and exclusive agent for the sale of its electric generators and motors in Milwaukee for the term of three years, unless sooner terminated as therein provided; that in making such sales the Andrae Company was to have a commission as therein stated; that all proceeds of such sales were to be immediately transmitted to the plaintiff, and, when completed by final payment, the Andrae Company was to be credited with the amount of their commissions and compensation, as therein provided; that such contract provided that it might be terminated by either party thereto upon sixty days' prior written notice. There is testimony on the part of the plaintiff to the effect that in the latter part of March, 1898, or in April of that year, the plaintiff gave such written notice for such termination of the contract, and that such sixty days expired a short time prior to July 15, 1898. It is in evidence and undisputed that on March 10, 1898, and

prior to the service of such notice, the plaintiff consigned to the Andrae Company three secondhand motors, including the one in question, and thereupon sent to that company a statement of such consignment, giving the price of each motor, as follows, to wit:

Northern Electrical Manufacturing Company.

Madison, Wis., March 10, '98.

J. Andrae & Sons Co., Milwaukee, Wis.:

| To 1 | 6 H. P. 2,202 motor. | secondhand | $100 |
|---|---|---|---|
| 1 | 8 H. P. 2,202 " | " | 130 |
| 1 | 15 H. P. 2,202 " | " | 210 |

$440

*On consignment.* · Entered.

There is evidence on the part of the defendant to the effect that the first secondhand motor so named on the bill of consignment to the Andrae Company at the stated price of $100 was sold by that company April 4, 1898, for $130, and thereupon it settled with the plaintiff therefor by paying $100, and also that the third secondhand motor so named on such bill of consignment to the Andrae Company at the stated price of $210 was sold by that company April 19, 1898, for $225; that the other secondhand motor so named on such bill of consignment to the Andrae Company at the stated price of $130 was sold July 15, 1898, by that company to the defendant herein for $145, which is just the amount claimed by the plaintiff in its complaint; that a few minutes after such sale the vice-president of the Andrae Company informed the secretary of the plaintiff that he had sold that motor to the defendant herein, and that the secretary replied: "That is good. I will notify our folks at Madison to take it off the consignment and put it on the general account,"— and that the vice-president of the Andrae Company acquiesced; that prior to the time when the plaintiff made such consignment, March 10, 1898, the secretary of the plaintiff was in the store of the Andrae Company, and

told its vice-president that the plaintiff had three motors which it could not sell in Madison, that they were made by its predecessors and were not standard, that they were secondhand and out of date, that the Andrae Company could sell much more readily in Milwaukee than the plaintiff, and that he would send them to the Andrae Company on consignment,—and did in a few days afterwards, but did not state the price at which it would sell them, nor the price he would require the Andrae Company to sell them at; that he said the Andrae Company could sell them at any price it pleased; that, upon the receipt of the bill of consignment quoted, the Andrae Company knew from that what they would cost it.

On July 15, 1898, and after such sale to the defendant, the Andrae Company wrote to the plaintiff to the effect that it had that day sold and delivered to its customer the secondhand motor which the plaintiff charged to it at $130 on consignment account March 10, 1898. That letter was received by the plaintiff July 16, 1898. On the same day the plaintiff wrote to the defendant, insisting that that motor must be settled for directly with the plaintiff; that the Andrae Company never had any license to sell for the plaintiff except on written contract; and that in selling the motor in question it had gone outside of its former arrangement. To that letter the defendant replied to the effect that the purchase was made by it from the Andrae Company, and that the defendant could not recognize the plaintiff in the deal at all.

It is undisputed that the sale was actually made to the defendant by the Andrae Company. It is true that the plaintiff's secretary was at the Andrae Company's place of business July 15, 1898, for the purpose of removing all unsold machinery belonging to the plaintiff, including the motor in question; but it is conceded that when he was informed by the Andrae Company that it probably had a cus-

tomer for that motor he consented that it might make the sale, and, presumably, in the absence of anything appearing to the contrary, on the same terms that the other two secondhand motors had been sold. In support of the verdict such evidence must be construed as favorably to the defendant as it will legitimately bear. Such evidence, so construed, is sufficient to bring the case within the rule stated in *Ex parte White*, 6 Ch. App. 403, where it is said that if an agent "sells at the price at which he is authorized by his principal to sell, and upon the credit which he is authorized by his principal to give, and the customer pays him according to his contract, then, no doubt, he is bound, like any other agent, as soon as he receives the money, to hand it over to the principal. But if the consignee is at liberty, according to the contract between him and his consignor, to sell at any price he likes, and receive payment at any time he likes, but is to be bound, if he sells the goods, to pay the consignor for them at a fixed price and at a fixed time,— whatever the parties may think,— their relation is not that of principal and agent." That case was affirmed in the House of Lords, *Towle & Co. v. White*, 21 Weekly Rep. 465. See, also, *Nutter v. Wheeler*, 2 Lowell, 346, and cases there cited; Benj. Sales (7th ed.), 7, and cases there cited. We must hold that the verdict is sustained by the evidence.

Exception is taken because, after charging the jury to the effect that, if they found that the Andrae Company made the sale as the mere agent or factor of the plaintiff, then they must find for the plaintiff, the court further charged the jury as follows: "But if you determine from all the credible evidence in the case that the Julius Andrae Sons Company was in fact a purchaser, and became liable for the price of the motor when sold, as a principal debtor, then your verdict in the case should be for the defendant. A consignee may, by the terms of his agreement, be the agent of the consignor until the consigned goods are sold, and

when sold become, as between him and the consignor, the purchaser of, and principal debtor for, the goods sold." We perceive no error in such portions of the charge. In our judgment, the evidence mentioned justified such instructions. We perceive no error in admitting evidence tending to prove that prior to the commencement of this action the plaintiff exacted payment from the Andrae Company, and drew on it for the price, named in the consignment, of the motor in question. Such evidence was in the nature of admissions. We find no reversible error in the record.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.

