[L. A. No. 3829.   Department One.—February 5, 1917.]

## PHIL CASS, Respondent, v. RICHMOND ROCHESTER, Appellant.

JUDGMENT ON PLEADINGS—ISSUES RAISED BY ANSWER.—Judgment on the pleadings cannot be given in favor of the plaintiff where the answer puts in issue a material allegation of the complaint, or sets up affirmative matter constituting a defense.

AGENCY—FACTOR—LIEN FOR ADVANCES—TERMINATION OF AGENCY.—An agent, into whose possession the principal has put personal property for purposes of a sale, is a factor, and he has a lien on the property for all proper outlays made by him in connection with the agency. On the termination of the agency by the principal, upon the agent's refusal or failure to sell, the agent is still entitled to reimbursement for his advances, and to retain the property as security.

ID.—PLEADING—GOODS DELIVERED ON CONSIGNMENT.—A complaint to recover the possession or the value of personal property, alleged to have been delivered to the defendant "on consignment" for the purposes of sale, is based on the contract of agency and not on a contract of sale, and it is erroneous to render judgment for the plaintiff on the pleadings, where the answer sets up a lien for advances made by the agent.

ID.—OBLIGATION OF CONSIGNEE TO REMIT FIXED AMOUNT.—The circumstance that the consignee was to remit a fixed sum, irrespective of the amount for which he might sell the property, is not inconsistent with the relation of principal and factor.

ID.—ASSIGNMENT—DENIAL ON INFORMATION AND BELIEF.—In an action by an alleged assignee of personal property to recover its possession or value from a consignee of his assignor, the fact of the assignment is not a matter presumptively within the knowledge of the defendant, and a denial of the assignment for want of information or belief is sufficient to raise an issue precluding a judgment for the plaintiff on the pleadings. ·

ID.—INCONSISTENT DEFENSES MAY BE PLEADED.—A defendant has the right to plead inconsistent defenses, and if one of them denies material allegations of the complaint, judgment cannot be rendered on the pleadings, even though the matter thus denied may be admitted in another defense.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

John C. S. Stick, Paul E. Greer, and Phelps, Greer, Winston & Wharton, for Appellant.

Cass & Shelton, for Respondent.

SLOSS, J.—On plaintiff's motion for judgment on the pleadings the court below entered judgment in his favor for one thousand five hundred dollars.   The defendant appeals.

The complaint was in two counts.   The first alleged that on or about October 1, 1912, the defendant received from the Metallurgique Motor Company a certain automobile, "under the terms of a certain contract between said defendant and said Metallurgique Motor Company whereby the said defendant agreed to hold the said property on consignment, and when the said automobile was sold, to forward to the said Metallurgique Motor Company the sum of $1,500.00." It is further alleged that on April 22, 1913, defendant notified said Metallurgique Motor Company that he would not carry out the terms of the said contract.   Thereafter, it is averred, the said Metallurgique Motor Company sold and transferred said automobile to plaintiff.   The defendant unlawfully withholds said property from the plaintiff, to his damage in the sum of five hundred dollars, and the value of said property is two thousand dollars.   The second count, after restating many of the foregoing matters, alleges that while the automobile was under the control of the defendant, it was damaged, through

the defendant's neglect, in various particulars, to plaintiff's loss in the sum of $1,382.50. The prayer of the complaint was, on the first count, for the return of the automobile or its value, together with the sum of five hundred dollars damages for its unlawful detention, and, on the second count, for $1,382.50, the amount of damage done to the automobile while it was in defendant's possession.

The answer admits the receipt of the automobile under the contract set forth in the complaint. It admits that defendant had refused to carry out the contract unless the Metallurgique Motor Company would repair the automobile, which said company had refused to do. The assignment to plaintiff is denied for want of knowledge or information. The defendant further denies that he unlawfully withholds the property from plaintiff to plaintiff's damage in any sum; he alleges that he is in possession of the automobile, and refuses to deliver the same to the plaintiff, for the reason that plaintiff's assignors are indebted to him in the sum of $204, "as in the counterclaim hereinbelow set out"; that defendant has demanded this sum of plaintiff, and offered to deliver the automobile to him upon his paying said sum, but plaintiff has refused to pay the same. In answer to the second cause of action, defendant denies the allegations of damage to the automobile. There is a further and separate defense based upon the representations of the Motor Company that the automobile was in good condition, whereas, the defendant alleges, it was, in fact, in bad order. In the same defense it is alleged that the Metallurgique Motor Company refused, on defendant's demand, to put the car in good order, and that thereupon defendant demanded that said Motor Company pay him the sum of $149, which he had paid for freight on said car, and the further sum of $5 per month for storage.

In addition, the answer contains a counterclaim for the sum of $204, being the sums advanced on the car by defendant, to wit, $149 for freight and $55 for eleven months' storage at the rate of $5 per month.

Judgment on the pleadings cannot be given in favor of the plaintiff where the answer puts in issue a material allegation of the complaint, or sets up affirmative matter constituting a defense. (*Derby & Co.* v. *Jackman,* 89 Cal. 1, [26 Pac. 610].) Concededly, the answer denied essential averments of the second cause of action. The judgment was, in fact, based

upon the first count alone, and the question is whether the answer contained any denials or averments which precluded judgment on this count without a trial.

The plaintiff's allegations and his prayer for relief show very plainly that the complaint was based upon the theory that the automobile was the property of plaintiff, it having been put into the possession of the defendant as the agent, for purposes of sale, of plaintiff's assignor. If this was the correct view, the defendant's position was that of a factor (Civ. Code, sec. 2026), and he therefore had a lien on the property for all proper outlays made by him in connection with the agency. (Civ. Code, sec. 3053.) The right was asserted in the answer. Granting that upon the agent's refusal or failure to sell, the principal might terminate the relation and reclaim the property, the agent was still entitled to reimbursement for his advances and to retain the property as security. All of this is virtually conceded by respondent. But, in complete abandonment of the theory on which the case was brought, it is now argued—and this is said to have been the basis for the ruling of the trial court—that the transaction between the Metallurgique Motor Company and the defendant constituted a sale of the automobile to the defendant for the sum of one thousand five hundred dollars. This interpretation of the dealings between the parties cannot be sustained. The averment of the complaint is that the automobile was received by the defendant under a contract whereby the defendant was to hold the property on consignment, and, when the automobile was sold, to forward to the Motor Company the sum of one thousand five hundred dollars. There is thus alleged, not a contract of sale, but one which made the defendant the agent of the plaintiff's assignor to sell the automobile. "The word 'consignment' does not imply a sale. The very term imports an agency, and that the title is in the consignor." (*Harris* v. *Coe,* 71 Conn. 157, [41 Atl. 552]; *Rolker* v. *Great Western Ins. Co.,* 4 Abb. Dec. 76; *42 N. Y. (3 Keyes) 17; *Sturm* v. *Boker,* 150 U. S. 312, 326, [37 L. Ed. 1093, 14 Sup. Ct. Rep. 99]; *Powell* v. *Wallace,* 44 Kan. 656, 659, [25 Pac. 42]; Benjamin on Sales, 7th ed., 7.) Irrespective of the use of the word "consignment," the pleading does not show that the transaction was a sale, or anything other than an intrusting of the property to the defendant as agent for the purposes of sale. The plaintiff relies upon the circum-

stance that defendant was to remit a fixed sum, irrespective of the amount for which he might sell the property. This, it has often been held, is not inconsistent with the relation of principal and factor. "We do not think," said the court in *Harris* v. *Coe, supra*, "that the absence of a limitation upon the price at which goods may be sold by a consignee who is to account to his consignor at a fixed price will transform an agreement made in good faith and clearly intended by both parties to be one of agency, into a contract of sale." (See, also, *McCullough* v. *Porter*, 4 Watts & S. (Pa.) 177, [39 Am. Dec. 68]; *Soria* v. *Davidson*, 1 N. Y. St. Rep. 119, [53 N. Y. Super. Ct. 470]; *Walker* v. *Butterick*, 105 Mass. 237; Benjamin on Sales, 7th ed., 7.) There are decisions holding that the terms of the agreement may be such "as to make the consignee, *when the goods are sold*, the purchaser and principal debtor for the goods." (Benjamin on Sales, *supra; Ex parte White*, L. R. 6 Ch. App. 397, affirmed on appeal, 21 Wkly. Rep. 465; *Northern Electrical Mfg. Co.* v. *J. C. Wagner Co.*, 108 Wis. 584, [84 N. W. 894]; *Nutter* v. *Wheeler*, 2 Lowell, 346, [Fed. Cas. No. 10,384].) But, as indicated in the passage just quoted, even these cases concur in the view that a sale from consignor to consignee does not, in any event, take place until the latter has sold the goods. In the meanwhile, the goods are the property of the consignor, and the consignee is his agent. In the present case, no sale was made by the defendant, and he could not, therefore, under any permissible interpretation of the contract, be charged as purchaser of the automobile.

There is still a further ground of objection to the granting of judgment on the pleadings. Defendant denied the transfer and assignment of the automobile by the Motor Company to the plaintiff. An assignment by the Motor Company of its interest in the automobile was not a matter that was presumably within the knowledge of the defendant. A denial for want of information or belief was, therefore, sufficient to raise an issue. (*Jensen* v. *Dorr*, 159 Cal. 742, 747, [116 Pac. 553].) The fact that in the counterclaim the defendant may have made admissions inconsistent with this denial does not impair its effect. A defendant has the right to plead inconsistent defenses, and if one of them denies material allegations of the complaint, judgment cannot be rendered on the pleadings, even though the matter thus denied may be ad-

mitted in another defense. (*Nudd* v. *Thompson*, 34 Cal. 39; *Botto* v. *Vandament*, 67 Cal. 332, [7 Pac. 753].) It is claimed by the repondent that the denial of the assignment is overcome by an admission contained in the same defense. But the supposed admission consists merely of an allegation that defendant refused to deliver the automobile for the reason "that the assignors of the plaintiff are indebted to this defendant in the sum of $204." This reference to "assignors of the plaintiff" cannot be construed into an admission that an assignment had, in fact, been made, or that defendant had such knowledge on the subject as to preclude a denial for want of information. The fair construction of the pleading is that, while the defendant puts the plaintiff to proof of the alleged assignment, he asserts, at the same time, his right to hold the automobile until he is paid the amount due him from the Motor Company, to whose title the plaintiff claims to have succeeded.

The judgment is reversed.

Shaw, J., and Lawlor, J., concurred.