INTERNATIONAL LOOMS, INC. *v.* THE JONO TEXTILE COMPANY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 80

Argued November 9, 1976—decided January 14, 1977

*James V. Joy, Jr.,* for the appellant (plaintiff).

*Michael E. Grossman,* for the appellee (defendant).

PARSKEY, J. In May, 1967, the plaintiff brought this action, in two counts, to recover the reasonable value of upholstery fabrics alleged to have been sold and delivered to the defendant. The first count is based on a claim of sale by the plaintiff. The second count is based on a claim of sale by Herbert

B. Newton and Company, hereinafter referred to as Newton, which has assigned to the plaintiff all of its rights in the cause of action. The trial referee, exercising the powers of the court, found that the transactions between the plaintiff and Newton on the one hand and the defendant on the other involved a consignment and not a sale, and that that proof constituted a material variance from the pleadings. The court denied the plaintiff's motion to amend the complaint so as to conform with the proof and rendered judgment for the defendant on both counts.

In September, 1962, the plaintiff sent a letter to the defendant in which it proposed the following arrangement: "It is now mutually agreed that we will bill you for 20 yards of each piece of each color in each pattern selected on the following terms: 2%, 10 days, net 70 plus 60 days. If, at the due date, any of these colors and patterns have not been reordered by you, we will cancel our charge for these particular 20 yards. We will ship to you one piece each of the patterns and colors selected. The yardage in excess of the 20 yards billed, we will invoice to you on memo. If and when you reorder any of these goods, the memo charge for this particular piece or pieces will become due; the reordered goods to be charged to you at regular terms. These arrangements also cover any goods sold to you by Herbert B. Newton & Co., our associate firm." Under the terms of this agreement, any reorder in excess of twenty yards, whether sent by the plaintiff or by Newton, was to be invoiced on a memorandum and shipped to the defendant on consignment.

The defendant claims a material variance between the plaintiff's allegation of a sale and proof of a consignment. If the transaction initially was a consignment; *Harris* v. *Coe,* 71 Conn. 157, 163; that claim is without merit. A transaction can properly

be characterized as a sale under a variety of circumstances. Under General Statutes § 42a-2-326 a delivery of goods to a merchant for resale with right of return is a sale unless otherwise agreed. Similarly, a sale on approval becomes a sale after acceptance. A delivery of goods to a merchant "on consignment" is deemed a sale with respect to claims of creditors of the merchant. Where a bailee converts property by actual sale to third parties the bailor may waive the tort and affirm the sale. *Jones* v. *Hoyt,* 23 Conn. 157, 166; *Rock-Ola Manufacturing Corporation* v. *Music & Television Corporation,* 339 Mass. 416. A consignor may sue in contract where a merchant wrongfully retains goods delivered to him on consignment. *Felder* v. *Reeth,* 34 F.2d 744, 746 (9th Cir.) ; see annot., 97 A.L.R. 250. In the latter case the merchant is not charged as for money had and received but as for goods sold and delivered, and the contract implied is one to pay the reasonable value of the property delivered. *Terry* v. *Munger,* 121 N.Y. 161.

A consignment bears some resemblance to a sale or return and to a sale on approval. As in the former, the goods are delivered for the purpose of resale. As in the latter, unsold goods are expected to be returned to the consignor. In the case of a sale on approval, acceptance completes the transaction. One method of acceptance, under General Statutes § 42a-2-327, is the failure seasonably to notify the seller of an election to return the goods. If the same principle is applied to a consignment, the failure of the consignee, at the termination of the consignment period, seasonably either to return the goods or to notify the consignor of his election to return would permit the consignor to treat the transaction as a completed sale. In this case there is no finding that the defendant returned the goods or notified either the plaintiff or Newton of its elec-

tion to return them at any time prior to the commencement of the present action. Retention of the goods, without that notice, for more than four years was unreasonable. See *International Tool & Gauge Co. v. Borg,* 145 Conn. 644, 648. Such a retention of the goods converted the transaction from a consignment into a sale at the election of the consignor. The trial court was, therefore, in error in concluding that there was a material variance between the pleading and the proof.

The trial court assumed that documentary evidence was essential to show the assignment of Newton's claim to the plaintiff. Such documentary evidence, however, is not required. There was testimony from the president of the plaintiff corporation that the plaintiff, a New York corporation, and Newton had merged. Since merger was a collateral issue, documentary evidence of that fact was not necessary. McCormick, Evidence § 200. The effect of a merger is to transfer to the surviving corporation, the plaintiff in this instance, by operation of law, all of the assets of the original corporation including the debt involved in this case. N.Y. Stock Corporation Law § 85.2; 19 Am. Jur. 2d, Corporations, § 1508. Therefore, the failure of the plaintiff to present documentary evidence of the assignment of the Newton claim was not fatal to its cause of action.

We do not consider the assignments of error concerning rulings on evidence because no exceptions to those rulings were taken at the trial. *State* v. *Grayton,* 163 Conn. 104, 109.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion D. Shea and Sponzo, Js., concurred.