J. T. RENOE, *as Administrator of the estate of J. C. Renoe, deceased,* v. THE WESTERN STAR MILLING COMPANY.

GOODS ON COMMISSION — *Conditional Sale.* Where a merchant receives a consignment of flour or other goods to sell on commission only, for the benefit of the owner thereof, he does not hold the property under a conditional sale. Therefore, § 1, chapter 255, Laws of 1889, has no application.

### Error from Norton District Court.

DURING the year 1889, Tilden & Baum were doing a general merchandise business at Norton, in this state. On May 10, 1889, they received a consignment of flour from *The Western Star Milling Company,* doing business at Salina, in this state. On June 17, 1889, Tilden & Baum received another consignment of flour from the same company. Tilden & Baum became indebted to *J. C. Renoe,* and, to secure the indebtedness, gave Renoe a chattel mortgage on the flour. August 10, 1889, the milling company made a demand on J. C. Renoe for the flour, and, on refusal to give it up, brought an action in replevin for 27 50-pound sacks of Magnolia flour; 75 50-pound sacks of Snowflake flour; 42 50-pound sacks of Prairie Flower flour, of the value of $155.81. Before the cause was tried, J. C. Renoe died, and J. T. Renoe, administrator of his estate, was substituted. Trial before the court, a jury being waived, at the October term of the court for 1889. Judgment was rendered in favor of the milling company for the flour described in the petition. J. T. Renoe, the administrator, excepted, and brings the case here.

*L. H. Thompson,* for plaintiff in error.

*John R. Hamilton,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The contention is that the Western Star Milling Company made an absolute sale of the flour in controversy to Tilden & Baum, and that they had authority to

execute a chattel mortgage thereon.    It is next contended
that, if there was no absolute sale, then that there was a con-
ditional sale of the flour, and that such conditional sale was
void as to J. C. Renoe, a creditor of Tilden & Baum, under
the statute of 1889, chapter 255, § 1, ¶ 3916, Gen. Stat. of
1889.

On the other hand, it is claimed by the milling company
that the flour was received and held by Tilden & Baum on
commission only, and that there was no absolute sale made
thereof.    The trial court seems to have found that Tilden &
Baum received and held the flour on commission only.    The
only writing between the parties reads as follows:

"TILDEN & BAUM, Norton, Kas., in account with the
Western Star Milling Company for the following invoice of
flour, etc., to be sold for their account, proceeds to be remitted
for as sold.    A full statement of sales and amount of flour on
hand to be rendered in 30 days from date of invoice.    In case
flour is sold before that time, the proceeds to be remitted and
statement to be made at once."    [ Here follow the dates of
the consignments of flour to Tilden & Baum, the amounts, and
prices thereof.]

This writing does not establish any sale to Tilden & Baum.
It shows that the flour was to be sold for the account of the
milling company, and the proceeds to be remitted to such
company as soon as the flour was sold.

G. A. York, the traveling agent for the milling company,
testified :

"Ques.  Was this flour left with them [Tilden & Baum] on
commission, or sold to them?    Ans.  It was left with them on
commission; it was our flour any time we came and called for
it; it never went out of our possession.

"Q.  What is the custom of your mill not selling flour in
this western country?    A.  That has been the custom of our
mill in new territory where we are not acquainted.

"Q.  It was to be sold for their account; whose account?
A.  The Western Star Company's.

"Q.  Proceeds to be remitted and full account of flour on
hand to be rendered within 30 days from date of invoice?
A.  Yes, sir.

"Q. In case flour sold before that time, proceeds to be remitted and statement to be made at once? A. Yes, sir."

There was sufficient testimony introduced upon the trial to sustain the finding of the trial court that the flour belonged to the milling company, and that Tilden & Baum had no authority to mortgage it to pay their old debt. The judgment will be affirmed.

All the Justices concurring.