Concannon v. Rose.

---

BRIDGET CONCANNON v. THOMAS ROSE.

Nos. 301, 329.   (59 Pac. 729.)

1. CONTRACT OF SALE—*Construction.*   The contract set out herein construed to be a contract of sale and not a contract of partnership.

2. ——— *Action Premature.*   The action upon the contract was prematurely brought.

Errors from Finney district court; WM. EASTON HUTCHISON, judge.   Opinion filed January 13, 1900.   Affirmed.

*A. J. Hoskinson,* and *W. R. Hopkins,* for plaintiff in error.

*Milton Brown,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : On August 25, 1897, the plaintiff in error filed in the district court a petition against the defendant in error asking for a restraining order against him to prevent him from disposing of certain cattle, and also asking for a judgment for damages and for an accounting. The contract relied upon and filed as an exhibit to plaintiff's petition reads as follows :

" THIS AGREEMENT, Made and entered into this 5th day of July, 1894, by and between Bridget Concannon, party of the first part and Thomas Rose, party of the second part, witnesseth :

" The party of the first part agrees to deliver at once to the party of the second part twenty (20) head of cows and heifers, all two-year-olds past, to be kept by the said party of the second part until the 1st day of October, 1897, said party of the second part hereby agreeing to take reasonable care and give protection during said term to said cattle, said cattle to be taken at the price and value of said cattle at the present time. At the expiration of said term on October 1, 1897, there is to be delivered to the party of the first part by the party of the second part, cattle of the number and quality as now delivered, or in lieu thereof money to the amount of the value of the cattle as now delivered ( that is the present value of said cattle).

" Of the increase of said cattle, all steers to be sold or disposed of by the party of the second part, at reasonable times, and to the highest bidder for the same, and the proceeds thereof is to be divided equally between the parties hereto.

"All female increase is to be disposed of as follows : All to be divided equally between the parties hereto

at the date of the expiration of said term, October 1, 1897.

"And if there be any increase of steers not disposed of or sold as provided for herein, the same is to be divided equally between the parties hereto on October 1, 1897.   During said term the parties hereto agree that the party of the first part may at any time put into the care and keeping of the party of the second part any number of steers, and the party of the second part agrees to take the same, and keep and care for same for any length of time by him deemed advisable, said steers to be taken at the then price and value of the same, and said steers may be sold at any time by the party of the second part, and out of the proceeds thereof the party of the first part is to be reimbursed the cost of said steers and the increase in value is to be equally divided between the parties hereto.

" The party of the first part is to furnish a bull or bulls during said term for service of said described cattle, said bull or bulls to be the property of the party of the first part and to be returned to her at the expiration of term, October 1, 1897.

" Witness our hands, this 5th day of July, 1894.

BRIDGET CONCANNON.<br>
By JAMES CONCANNON, <i>her Agent.</i>

"Witness:

   W. R. HOPKINS."     THOMAS ROSE."

The district court dissolved the temporary injunction which had been allowed by the judge of the probate court of Finney county, and case No. 301 is brought here by plaintiff in error to review that order so far as it relates to the twenty original cows named in the contract.   Upon the trial of the case upon the amended pleadings, the court rendered judgment upon the pleadings in favor of the defendant as to the original twenty cows named in the contract, and case No. 329 is brought here by plaintiff in error to review that judgment.   The division of the increase had been satisfactorily arranged between the parties, and the contention of the plaintiff was that she was entitled

to the original twenty cows and to one-half of the milk and cheese that the defendant had obtained from some of the cows, and that a partnership existed between them by virtue of the contract. The defendant contended that on October 1, 1897, he was entitled to the option of returning cattle of the number and quality of those delivered to him, or of paying an amount equal to the value of said cattle, and that no partnership existed between them on July 5, 1894.

An examination of the contract sustains the contention of the defendant. He, in effect, purchased the twenty cows, giving one-half the increase as interest, and on October 1, 1897, decided to pay to the plaintiff the value of the cows at the time the contract was executed, and deposited the amount of $250 with the clerk of the court for the use and benefit of the plaintiff in error. The court did not err in dissolving the injunction, and the action upon the contract was prematurely brought. We deem it unnecessary to render an opinion in each case or further to extend this opinion.

The judgment of the district court is affirmed.