## S. W. RIDER v. C. T. HAMMELL *et al.*
### No. 12,421.  (66 Pac. 1026.)

#### SYLLABUS BY THE COURT.

PARTNERSHIP— *Contract Construed — Estoppel.*  Whether a written agreement between two or more persons, which is plain and unambiguous, creates a partnership *inter se*, is a question of law. The agreement in this case creates no such relation. One may estop himself from denying his liability as a partner, where such relationship does not exist in fact, by holding himself out as such, or by negligently permitting one with whom he is engaged in business to do so.

Error from Bourbon district court; WALTER L. SIMONS, judge.  Opinion filed December 7, 1901. Division two.  Reversed.

*McCleverty & Padgett*, for plaintiff in error.

*W. R. Biddle*, for defendants in error.

The opinion of the court was delivered by

GREENE, J.: C. T. Hammell and D. F. McCarty, partners as Hammell & McCarty, commenced this

action in the district court of Bourbon county, against E. P. McCarty and S. W. Rider, as partners, to recover the sum of $145.48, alleged to be due said plaintiffs on account of certain coal furnished to the defendant E. P. McCarty, at Bronson, Kan., and by him used in operating a machine in boring for oil, coal, gas, etc.

It was alleged in the petition that S. W. Rider was a partner of McCarty in the work that was being carried on at Bronson, and therefore liable to plaintiffs for this debt. Upon the trial the following agreement was entered into :

"It is hereby conceded that Hammell & McCarty furnished the coal claimed to E. P. McCarty without the knowledge of defendant S. W. Rider, and also upon the individual credit of E. P. McCarty, with the understanding and belief that this machinery all belonged to E. P. McCarty, and that said understanding was not from any conduct or statement of Mr. Rider, but before the beginning of this suit plaintiffs discovered this contract between McCarty and Rider and bring this suit claiming that Mr. Rider was a partner of Mr. McCarty in this well-drill."

It is further conceded by defendants that the amount of judgment in the court below against E. P. McCarty is correct so far as McCarty is concerned. Upon the trial below judgment was rendered for plaintiffs against Rider and McCarty, as partners, from which judgment Rider prosecuted error.

The following is the agreement between McCarty and Rider, by which it is claimed that they were partners :

"This contract is made and entered into this 16th day of November, 1896, by and between S. W. Rider, of Kansas City, Mo., party of the first part and E. P. McCarty, of La Cygne, Kan., party of the second part.

Rider v. Hammell.

"Said first party agrees to furnish to said second party the No. 5 Star drilling-machine, of Akron, Ohio, manufacture, now being operated near Paola, Kan., together with the tools, ropes and other appliances now in use with said machine for drilling oil, gas or water wells, and said first party is to receive for the use of said machine twenty-five cents per foot for each foot drilled with it during the life of this contract.

"Said second party hereby agrees to keep said machine in good repair and to turn over same to first party at the termination of this contract in as good condition as it now is, ordinary wear and tear excepted.

"Second party will furnish all the labor and supplies, including oils, coal and water necessary for moving and operating said machine and will hold said first party harmless from all liability for any accident that may occur by reason of the use of said machine. In case of loss of tools, second party is to use all possible means to recover them, and if unsuccessful, second party agrees to pay one-half the cost new tools, the other half to be borne by first party. If full payment is not received for any well because of lost tools, first party is to share in the reduction and be paid one-fourth of the amount received for drilling the well; and if no pay is received for any well because of lost tools, first party is to receive nothing for the use of the machine on that well. First party agrees to furnish new cables when needed.

"The twenty-five cents per foot is to be paid out of the proceeds of each well and is payable upon completion of each well.

"It is hereby mutually agreed that first and second party shall share equally in any right of development of the wells drilled, in case they shall produce sufficient oil to warrant their operation as oil-wells.

"Said second party shall not have outstanding at any one time contracts to drill more than two wells without the written consent of said first party.

"This contract may be terminated by either party by giving thirty days' notice in writing of a wish to terminate it, and at the end of said thirty days it

shall terminate, unless said second party has outstanding uncompleted contracts for drilling which cannot be completed within said thirty days, in which event such uncompleted contracts are to be completed by second party without delay, and upon their completion this contract shall terminate.    Signed in duplicate.

"Dated this 16th day of November, 1896.

S. W. RIDER.
E. P. McCARTY."

The contract for boring the well at Bronson was made between McCarty and the Bronson Gas and Improvement Company, the material part of which is that McCarty agreed to bore an eight-inch hole 1000 feet for $1 per foot; for the next 250 feet he was to receive $1.25 per foot, and thereafter $1.50 per foot. There was some understanding about casings, etc., but nothing material to a full understanding of this case.

The agreement between Rider and E. P. McCarty, which was introduced in evidence, is plain and unambiguous, and whether it creates a partnership between these parties as to themselves is a question of law. (*Boston etc. Smelting Co. v. Smith*, 13 R. I. 27, 43 Am. Rep. 1; *Nathaniel Webster v. John Clark, Son & Co.*, 34 Fla. 637, 16 South. 601, 27 L. R. A. 126, 43 Am. St. Rep. 217; *Morgan v. Farrell*, 58 Conn. 417, 20 Atl. 614, 18 Am. St. Rep. 282.) "A partnership is the contract relation subsisting between persons who have combined their property, labor and skill in an enterprise or business, as principals, for the purpose of joint profit." (*Spaulding v. Stubbings*, 86 Wis. 255, 56 N. W. 469, 39 Am. St. Rep. 888.)

If this agreement created a partnership between Rider and McCarty, Rider is liable to Hammell & McCarty for the coal furnished to McCarty, although they may not have known at the time that Rider was

Rider v. Hammell.

a partner.   Rider was the owner of a machine and appliances used for boring for oil, coal, gas, etc.   He agreed with McCarty to rent it to him, together with the tools, ropes and other appliances then used in operating said machine ; to furnish new cables when needed, and pay one-half of the cost of certain tools which in the operation of boring wells were liable to be lost in a well.   McCarty was to operate the machine at his own expense and pay Rider twenty-five cents per foot for all wells completed.   It was also provided that if, in drilling a well, tools should get lost in the well, and by reason thereof the well could not be completed, Rider was to receive only his proportion of what should be collected, at the rate of twenty-five cents per foot ; also, that Rider should share equally in any right of development of wells drilled by McCarty in case any should be worth operating.   This contract was to terminate on thirty days' notice.

Does this agreement constitute a partnership between these parties as to themselves?   We do not think it does.   In the first place, it does not provide that they shall have a joint interest in the business or the profits.   Rider was not to receive any of the profits ; he was to get twenty-five cents per foot for all wells completed, regardless of profit.   It did not make any difference to Rider what McCarty's profits were, or if he actually sustained a loss ; in either event he was to receive the same pay for the use of the machine.   It was of no consequence to Rider whether McCarty's expenses were much or little ; they neither increased nor diminished the rental value of the machine.   This agreement was not a combination of property, labor or skill in an enterprise or business as principals.   The existence of a partnership implies the relation of principal and agent.   This is the real

47—63 KAN.

test. (*Seaberry v. Bolles*, 51 N. J. Law, 103, 16 Atl. 54, 11 L. R. A. 136.) Rider was not a principal; he had no control or supervision over the contracts made or of the work to be performed thereunder. McCarty might regulate his own charges and negotiate for his pay at any time and in any manner he desired, without consulting Rider; nor was Rider to receive his pay out of the money collected for boring wells; for anything due him he became a general creditor of Mc-Carty.

The law is now well settled that, where a person loans or advances money or goods to another to be invested in some business or enterprise, the lender to share in the profits as or in lieu of interest on, or in repayment of, such loans or advances, the arrangement does not constitute a partnership; nor will it constitute a partnership as to third persons, unless the acts of the parties in furtherance of the agreement between themselves amount to such a holding of themselves out as partners that third persons are misled into a reasonable belief that a partnership exists in fact. (*Clifton v. Howard*, 89 Mo. 192, 1 S. W. 26; 58 Am. Rep. 97, and note; *Richardson v. Hughitt*, 76 N. Y. 55, 32 Am. Rep. 267.)

In determining whether a certain instrument operates to create a parthership *inter se*, the intention of the parties is the important question. If it was not so intended this court will not so declare. In this case we find no such intention, but, on the contrary, we are of the opinion that it was distinctly intended and understood by the parties that no such relation should exist. The agreement between Rider and Mc-Carty was nothing more than the renting of the machine by Rider to McCarty and an agreement by

Rider that he would accept for its use a certain amount per foot for the wells completed.

There is another provision in this agreement which should be noticed: "It is hereby mutually agreed that first and second party shall share equally in any right of development of the wells drilled, in case they shall produce sufficient oil to warrant their operation as oil-wells."

The contract between McCarty and the Bronson Gas and Improvement Company gave McCarty no interest in the wells at Bronson; consequently as to those wells there is nothing as to which this particular clause of their agreement could apply. Whatever this clause contemplated, it can have no operation in establishing the existence of a partnership between Rider and McCarty in the work done at Bronson.

Notwithstanding there may have been no intention between persons joining in an enterprise to become partners, still they may become liable to third persons as such by their conduct, not because they are partners, but by way of estoppel. If Rider had held himself out or induced Hammell & McCarty to believe that he was a partner, or had negligently permitted McCarty to do so, and the latter had furnished the coal to E. P. McCarty with that understanding, Rider would be estopped to say he was not liable as a partner. But no such facts are claimed in this case. It is stipulated that the coal was sold to McCarty on his individual credit, without any knowledge whatever that Rider was interested in the machine. Rider had, therefore, done nothing himself, nor had he by his negligence permitted McCarty to do anything, that would induce Hammell & McCarty to believe that he was a partner, or which would estop him to say that he was not a partner. There was some oral tes-

·timony introduced on the trial tending to show the relation existing between Rider and McCarty, but nothing did or could, under the circumstances of this case, vary or contradict the written agreement entered into between Rider and McCarty.

When it was admitted that the credit was extended to McCarty personally by plaintiffs below, and that at the time Hammell & McCarty had no knowledge that Rider had any interest in the machinery, then they could only hold Rider responsible because his agreement with McCarty made him a partner, and oral evidence could not be introduced to contradict or vary this writtent agreement.

The judgment of the court below, holding that there was a partnership existing between Rider and McCarty *inter se*, or that Rider was a partner as to Hammell & McCarty, and liable to them, was without any evidence to support it. The judgment is therefore reversed and the cause remanded.

CUNNINGHAM, POLLOCK, JJ., concurring.