Dent v. Smith.

---

## JOHN H. DENT v. D. F. SMITH.
### No. 15,177.   (92 Pac. 307.)
#### SYLLABUS BY THE COURT.

1. ESTOPPEL—*Conduct—Reliance—Prejudice.* Before the acts of one person can be successfully invoked as an estoppel by another, such other must have relied upon and been prejudiced by the acts of which he complains.

2. INJUNCTION—*Opening Private Road—Void Proceedings—Estoppel.* The facts of this case examined and held insufficient to constitute an estoppel.

Error from Morris district court; OSCAR L. MOORE, judge. Opinion filed October 5, 1907. Reversed.

*Nicholson & Pirtle,* for plaintiff in error.

*George P. Morehouse,* and *Clarence A. Crowley,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: On May 28, 1904, D. F. Smith presented a petition to the board of county commissioners of Morris county asking that a private road be established upon the premises of John H. Dent. On October 5, 1904, the petition was allowed and viewers were appointed

to view the road and assess the damages which might be occasioned thereby. Dent appeared before the viewers and presented a claim for damages, but made no objection to the road. Afterward the report of the viewers was examined by the board of county commissioners and approved. Dent appeared before the county commissioners and contested the amount of damages allowed, but made no contention as to the power of the board to establish the road. The damages awarded were deposited by Smith with the county clerk.

The proceedings were had under chapter 112 of the Laws of 1874. No proceedings were taken by appeal or otherwise to reverse, vacate or modify the order of the board. On June 11, 1904, in the case of *Clark v. Mitchell County*, 69 Kan. 542, 77 Pac. 284, 66 L. R. A. 965, it was decided that this act was unconstitutional and void.

On December 16, 1904, Dent began this suit to enjoin Smith from opening the road, and obtained a temporary restraining order. A demurrer to the petition was overruled, and the defendant filed an answer, April 26, 1905, which recited the facts as hereinbefore stated. No reply was filed by the plaintiff, and a motion by the defendant for judgment on the pleadings was allowed. This ruling of the court is assigned as error.

The defendant concedes the unconstitutionality of the law under which the board of county commissioners acted, and admits that the plaintiff might have successfully opposed such action by making timely objection thereto, but contends that his presentation of a claim for damages to the viewers without affirmatively objecting to the location of the road, the prosecution of such claim before the board of county commissioners, the failure to appeal from the order establishing the road, whereby it became final, coupled with the payment to the county clerk by the defendant of the damages awarded, estops the plaintiff from asserting the invalidity of the proceedings. Whether this position

Dent v. Smith.

of the defendant is correct constitutes the sole question presented to this court.

We are unable to find the elements of an estoppel in these facts. Before a person can sustain the plea of estoppel against another he must have relied upon and been injured by the facts pleaded. (16 Cyc. 742, 761, 770, 775; 11 A. & E. Encycl. of L. 436, 439; *Chellis v. Coble*, 37 Kan. 558, 15 Pac. 505; *Clarke v. Coolidge*, 8 Kan. 189.) In this case the defendant attempted by legal proceedings to compel the plaintiff to surrender to him real estate for a private roadway. To accomplish this purpose he relied upon the legal force of the statute under which the proceedings were instituted, and not upon anything which the plaintiff did or omitted to do. These proceedings were had some four months after the publication of a decision declaring the statute to be void. This decision was, no doubt, unknown to each of the parties concerned, which explains why the defendant attempted to take the land and why the plaintiff claimed damages instead of contesting the law. It does not appear that the plaintiff by his conduct intended to deceive or mislead the defendant, or that the defendant was misled or prejudiced thereby. The defendant has lost nothing; his money is still in the hands of the county clerk, where he placed it, subject to his order.

The law being void, all the proceedings thereunder are also void; and, there being no estoppel, the order of the court giving judgment to the defendant on the pleadings was erroneous. The judgment is reversed, with directions to deny the defendant's motion and enter judgment for the plaintiff, unless the answer is amended so as to present a valid defense.