Van Arsdale v. Peacock.

---

G. B. VAN ARSDALE, *Appellee*, v. S. E. PEACOCK et al., Partners, etc., et al. (THE BALDWIN PIANO COMPANY, Interpleader, *Appellant*).

No. 18,327.

SYLLABUS BY THE COURT.

CONSIGNMENT—*Piano—Not a Sale—Illegal Mortgage.* An order and contract for the consignment of a piano are examined, and held to create an agency, and that a mortgage made by the agent is not effective against the principal.

Appeal from Stafford district court. Opinion filed July 5, 1913. Reversed.

*Robert Garvin,* of St. John, and *Chester H. Kern,* of St. Louis, Mo., for the appellant.

*Charles C. Calkin,* of Kingman, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The question in this appeal is whether the plaintiff as mortgagee, or the piano company, has the right to the possession of a piano upon the follow-

ing facts: A. E. DeMars, a piano dealer of Wichita, sent the following order, dated April 15, 1911, to the company:

"Ship to A. E. DeMars.
Place, Wichita, Kans.
How ship, Santa Fe.   When, at once.
The terms, Net cash, 30 days with 1½ per cent per month thereafter.
This order is subject to the conditions as noted on the reverse side of this sheet.   This order is subject to the approval and acceptance of the Baldwin Piano Co. at their office.

| Quantity | Style | Wood | Make | Price |
|----------|-------|------|------|-------|
| 1 | 306 | Mah | Ellington | 160.00 |

Also send 1 player bench.   No chg. for bench."

(<em>On the reverse side.</em>)

"I or we will take your pianos and organs on consignment, to be accounted for at agreed prices, and upon the following conditions:

"FIRST.—The instruments and proceeds of sale are your property, subject to your order and free from any claim whatsoever. I or we agree to take good care of all the instruments consigned to me or us, and to be responsible for the safe keeping of the same; also to keep them insured for your benefit, with the policies made payable to you in case of loss, to an amount not less than the consignment price of same.

"SECOND.—I or we agree to send the cash to you for each and every instrument as soon as sold, or at such time as may be designated by me in my written order to you for shipments, but in either or any event I agree that the same shall not exceed four months, and agree that all instruments shall be settled for in cash within four months from date of shipment, or returned to you as provided for in fourth clause of this contract.

"FOURTH.—Upon your demand or that of your authorized representative I or we will deliver, as you may direct, boxed, free of charge, or expense to you of any kind, including return freight to St. Louis, Mo., all of said consigned goods remaining unsettled for at the time of said demand; I or we agree, in addition to returning the said stock, to pay you an amount, for depreciation of value at the rate of eight per cent per annum, from date of original shipment, on the consignment prices quoted on said stock."   . . .

The fifth clause requires monthly reports of goods on hand not settled for and of goods in the hands of prospective purchasers, and the seventh clause provides that the agreement may be terminated by either party on written notice.   The agreement contained

many other provisions not deemed material in the decision of the question presented.

De Mars received the piano as ordered, and on May 11, 1911, to secure the payment of a loan of money, mortgaged it to the plaintiff, who commenced an action in replevin to recover its possession from Peacock & Soice, who, it appears, had taken possession for the company. The company thereupon intervened and was substituted as defendant, and pleaded ownership and right of possession under the contract above set out.

If the order and contract constituted a conditional sale, the company can not prevail for the reason that the agreement was not filed for record as required by section 5237 of the General Statutes of 1909. If the agreement was only for a consignment to an agent for sale and accounting, the mortgagee can not recover. It seems to the writer that whether a sale or agency is intended in such cases, instruments might easily be drawn containing a few simple provisions clearly expressing the real purpose, which is often concealed in a multiplicity of words. However, it is the duty of the court to construe rather than to criticise. A similar agreement was construed in *McKinney v. Grant,* 76 Kan. 779, 93 Pac. 180. The material difference appears to be that in that case it was provided that cash should be sent for every piano as soon as sold. The same provision in this contract is qualified by a stipulation that cash may be sent at the time designated in the order, not exceeding four months from date of shipment, or the piano shall be returned as provided in the fourth clause, which provides for the return on demand of goods remaining unsettled for.

If these provisions make the return optional with the company, the consignee became indebted for the amount specified in the order, and the stipulation for return on demand a mere security. Considering all the terms of the order and contract together, several of which are inconsistent with a sale, it is concluded that the

relation of principal and agent was created and not that of debtor and creditor. The provision for return is deemed to confer reciprocal rights. The consignor had the right to require a return of the piano after four months, and the consignee the right to return it without demand. It, therefore, was the property of the company and the mortgagee acquired no interest in it. The district court sustained a demurrer to the answer of the company, thereby holding contrary to these views.

The duty of construing similar contracts containing obscure and doubtful or apparently conflicting provisions has frequently been placed upon the courts, and many cases are cited in the briefs. Each instrument, however, must depend on its own peculiar provisions and a review will not be undertaken. The question in each case is whether the relation of debtor and creditor or that of bailment is established, and that must be determined by the intention to be found upon an examination of the entire agreement.

The judgment is reversed, with directions to overrule the demurrer.