No. 18,635.

J. A. SIMMONS et al., *Appellees*, V. CLAUDE SHAFT,
*Appellant.*

SYLLABUS BY THE COURT.

1. CATTLE—*Delivered to Keep—Increase to be Divided—Trans-
action a Bailment—Not Creative of a Partnership.* The own-
ers of certain cattle delivered them to another to keep for a
term of years, the increase to be divided as specified, the
original herd to be returned at the end of the term. A cer-
tain shrink was to be borne by such owners and any loss
above that to be borne in fixed proportions by the parties,
such owners to pay the taxes. *Held,* that such other party
thereby became bailee of such cattle and not a partnership
owner thereof.

2. SAME—*Sale by Bailee Without Authority—Rights of Pur-
chaser.* One who bought such cattle of such bailee sought to
defend title against the owners by showing permission and
ratification of sales and exchanges made by the bailee. *Held,*
that such permission and ratification, if shown, would not
avail such purchaser unless he was himself deceived or mis-
led thereby.

3. NEW TRIAL—*Newly Discovered Evidence.* The rule that to
require the granting of a new trial on the ground of newly
discovered evidence such evidence must be other than cumu-
lative—followed.

Appeal from Chase district court; FREDERICK A.
MECKEL, judge. Opinion filed February 7, 1914. Af-
firmed.

*Dudley Doolittle,* and *Walter J. Gresham,* both of
Cottonwood Falls, for the appellant.

*J. S. Simmons,* of Hutchinson, and *J. A. Simmons,*
of Dighton, for the appellee.

The opinion of the court was delivered by

WEST, J.: In 1906 one of the plaintiffs, on behalf of
both, entered into a written contract with one N. D.
Rand concerning about fifty head of cattle which were

owned by the plaintiffs and placed in charge of Rand. The petition alleged that about two years later Rand delivered to the defendant seventeen head of these cattle; that the plaintiffs demanded their return, which was refused, and they prayed judgment for their alleged value, $610. They recovered judgment for $190 and the defendant appeals.

Various rulings are complained of, but the assignments of error are mostly based on the theory that the plaintiffs and Rand owned the cattle in partnership, and that as the plaintiffs allowed him to have possession and appear to be the owner they are estopped to deny his authority to sell and pass title. The portions of the contract relating to the original herd are as follows:

"The said J. A. Simmons furnished to the said M. D. Rand, fifty head of cows branded J. S. on left hip, also one bull registered, white faced, called Barnard, to keep on the terms hereinafter named for a term of three years from this date to-wit:

"The said Rand is to receive said cows at Clements, Kansas, to feed and care for the same and to breed the cows to said bull and divide the first year's increase at the end of the second year, to-wit: on October 15th, 1908, and the increase of the said stock for the next two years at the end of this contract to-wit on October 15th, 1909. . . . At the end of said term the said Rand is to return to the said J. A. Simmons all the original herd above named with the following shrink, the cows are to be valued at $20.00 each and the bull at $60.00. The said J. A. Simmons is to stand a shrink six per cent in value for the first year, and any loss above that is to be borne two-fifths by the said Simmons and three-fifths by the said Rand. If the bull dies or becomes disabled he is to be replaced by the said Simmons but the said Simmons need not replace any cows that die. The said Simmons is to pay the taxes on the said original herd of cattle."

According to the terms of this contract Rand was as to the cattle composing the original herd a bailee and not a partner, the cattle furnished by the plaintiffs still belonging to them and to be returned to them at

the time specified. (*Shepard v. Pratt,* 16 Kan. 209; *Rider v. Hammell,* 63 Kan. 733, 66 Pac. 1026; *Beard v. Rowland,* 71 Kan. 873, 81 Pac. 188; *Concannon v. Rose,* 9 Kan. App. 791, 59 Pac. 729.)

The answer set up the ignorance of the defendant that the plaintiffs claimed to be the owners of the cattle, and an alleged estoppel arising from their acquiescence in or ratification of Rand's dealing with them. The defendant complains of the refusal of an instruction to the effect that if the plaintiffs knowingly permitted Rand to deal with the cattle as his own and ratified sales or exchanges made by him they would be estopped to deny title in him of the cattle sold to the defendant. While a proper instruction upon the subject ought, if offered, to have been given it was not error to refuse the one requested as it failed to confine the effect of such estoppel to one deceived by such permission and ratification. There was no showing that the defendant had been misled by such alleged conduct on the part of the plaintiffs, and unless he was it is not perceived how it could constitute a defense. (*Dent v. Smith,* 76 Kan. 381, 92 Pac. 307.) The mere fact that the cattle were in Rand's possession would no more authorize him to sell them than the possession of a livery team would authorize the bailee to sell and pass title to property hired for temporary use. (*Ladd v. Brewer,* 17 Kan. 204.) An instruction that if the jury found that Rand sold some of the plaintiffs' cattle to the defendant the only other question would be as to the amount of recovery is criticised, but as it left it for the jury to say whose the cattle then were (plaintiffs' or Rand's) no error is apparent. It is suggested that as Shaft innocently bought the cattle, knowing nothing of any claim by the plaintiffs, he was less negligent than they and should not be the one to suffer the loss. There was testimony, however, indicating that most of the cattle were branded in a way which might cause a prudent purchaser to inquire into their real

ownership. At any rate no instruction on this point was requested, and the jury with all the facts found generally in favor of the plaintiffs and no error is apparent in such finding. Complaint is made of an instruction touching the burden of proof, which though not happily worded we do not find to have been materially prejudicial.

A motion for a new trial was supported by an affidavit setting forth alleged newly discovered evidence, but this appeared to be cumulative and hence was insufficient. (*Daly v. Gregg,* ante, p. 506.)

The judgment is affirmed.