No. 25,569.

H. J. Jacquart, *Appellee*, v. W. W. Jennings, as Constable, etc., et al. (J. E. Coss and R. B: White, *Appellants*).

SYLLABUS BY THE COURT.

1. Chattel Mortgages—*Description of Property.* A person who had taken possession of personal property under a chattel mortgage, in which the property is described in a list or schedule attached to the mortgage, at the place where the property mortgaged should have been described if there had been room, may in an action in replevin recover the property from a constable who has levied execution thereon under a judgment against the mortgagor.

2. Estoppel—*Acts Constituting—Prejudice.* A person cannot be estopped from claiming property by acts which have neither injured nor prejudiced the one asserting the estoppel.

3. Trial—*Instructed Verdict.* It was not error to instruct the jury to return a verdict in favor of the plaintiff, nor to render judgment accordingly.

Appeal from Pawnee district court; Roscoe H. Wilson, judge. Opinion filed April 11, 1925. Affirmed.

*J. W. Eaglin, G. P. Cline,* and *Nellie Cline,* all of Larned, for the appellants.

*W. H. Vernon, Jr.,* and *J. S. Vernon,* both of Larned, for the appellee.

Jacquart v. Jennings.

The opinion of the court was delivered by

MARSHALL, J.: In this action, one in replevin, the plaintiff recovered possession of a safe valued at $500, of which he had taken possession under a chattel mortgage, and which was afterward seized under an execution issued on a judgment rendered in a justice court in favor of defendants Coss and White and against Fred Blasier, the mortgagor. Defendants Coss and White appeal. ·

The evidence showed that Fred Blasier was the owner of the safe and other property in a hotel in Larned, which safe and other property he mortgaged to the plaintiff to secure the payment of $1,100; that the property, consisting of several hundred articles, was itemized and listed on a number of sheets of paper market "XX" and attached to the chattel mortgage at the place indicated in the mortgage for the description of the property; that the chattel mortgage was immediately recorded; that Blasier abandoned the hotel; that the plaintiff took possession of the mortgaged property; that Blasier owed J. E. Coss and R. B. White for groceries; that they commenced an action against Blasier in justice court to recover what was due them and obtained judgment therefor; that garnishment proceedings were instituted and money was garnisheed, but was claimed by the plaintiff; that on the hearing in the garnishment proceedings the plaintiff mentioned the safe in controversy as property out of which Coss and White might realize the amount of their judgment against Blasier; and that execution was issued by the justice of the peace and was levied on the safe by the constable after the plaintiff had taken possession of it.

1. The defendants claim that the mortgage was void because it did not contain a description of the property mortgaged. The claim is not good, because there was an itemized description of the property mortgaged, including the safe, attached to the mortgage at the place where the property should have been described had there been room. That description named the place at which the property was located. A copy of the mortgage—blank, however, as to mortgagee—with an itemized list of the property mortgaged, was attached to the petition. The original chattel mortgage was introduced in evidence; it contained the name of the mortgagee.

We quote from the syllabus in *Mills v. Kansas Lumber Co.*, 26 Kan. 574, as follows:

"And *held*, generally, that a description in a chattel mortgage which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the mortgaged property, is sufficient." (See, also, *Rudolph v. Commission Co.,* 76 Kan. 789, 793, 92 Pac. 1103; 11 C. J. 457-459.)

In *Belknap v. Wendell,* 21 N. H. 175, in the headnotes is found the following language:

"A mortgage of personal property described 'the following goods and chattels,' and then followed a list of articles on a separate piece of paper, and attached to the deed by a wafer. *Held,* that the articles were described in the mortgage; and that, in the absence of evidence against it, the presumption was that the list was attached before the execution of the deed." (See, also, Jones on Chattel Mortgages, 5th ed., § 73; 11 C. J. 461.)

. The description of the mortgaged property was good.

Besides this, when the constable levied on the safe, the plaintiff was in possession of it under the chattel mortgage. Possession by the mortgagee cured any defect there may have been in the description of the property. In *Savings Bank v. Sargent,* 20 Kan. 576, this court said:

"Where a chattel mortgage fails to duly describe the property, the defect is cured by the subsequent delivery of the property to the mortgagee, as against parties who have not acquired any rights or interest before such delivery." (Syl. ¶ 1. See, also, *Dolan, Sheriff, v. Van Demark,* 35 Kan. 304, 10 Pac. 848.)

In *National Bank v. Hannaman,* 115 Kan. 370, 223 Pac. 478, this court said:

"Where the holder of an unrecorded chattel mortgage took actual possession of the property, with the consent of the mortgagor, the mortgage was valid as against a creditor whose execution was levied on the mortgaged property after the mortgagee took possession." (Syl. ¶ 2.)

These rules have been established in this state by a long line of decisions.

Jones on Chattel Mortgages, 5th ed., section 164*a*, contains the following language:

"It is immaterial whether the mortgagee takes possession *in invitum* or the mortgagor voluntarily puts him in possession, if the act be done in pursuance of a license contained in the deed. In the one case as much as in the other, the mortgagee obtains possession by virtue of a valid contract which entitles him to such possession."

In *Gagnon v. Brown,* 47 Kan. 83, 85, 27 Pac. 104, the following language will be found:

Jacquart v. Jennings.

"If a mortgagee takes possession of the mortgaged property before any other right or lien attaches, his title under the mortgage is good against everybody, if it was previously valid between the parties." (See cases there cited.)

The plaintiff was in the rightful possession of the safe under a valid chattel mortgage.

2. The defendants argue that the plaintiff is estopped to claim the property under the chattel mortgage because he caused them to have execution levied on the safe. Why should the plaintiff be estopped to claim the property? It does not appear that he induced the defendants to release any fund that may have been garnisheed nor that the defendants were in any way prejudiced by or placed in any worse condition by what the plaintiff did or said. The defendants gave nothing; they lost nothing; they had everything, every right, afterward that they had before the statements were made by the plaintiff. There is nothing on which to hang an estoppel. In *Dent v. Smith,* 76 Kan. 381, 92 Pac. 307, this court said:

"Before the acts of one person can be successfully invoked as an estoppel by another, such other must have relied upon and been prejudiced by the acts of which he complains." (Syl. ¶ 1. See, also, *King v. Mead,* 60 Kan. 539, 544, 57 Pac. 113; *Simmons v. Shaft,* 91 Kan. 553, 555, 138 Pac. 614; *Commission Co. v. Hicks,* 92 Kan. 922, 931, 142 Pac. 276.)

3. At the conclusion of the evidence the court instructed the jury to return a verdict in favor of the plaintiff. That was done, and judgment was rendered accordingly. The defendants urge that as error. The chattel mortgage was good. The plaintiff was in possession of the mortgaged property when the execution was levied on the safe. There was no estoppel of the plaintiff to claim the property. Therefore, it was not error to instruct the jury to return a verdict in favor of the plaintiff.

The other matters complained of are disposed of by what has been said.

The judgment is affirmed.