No. 28,192.

THE BALDWIN PIANO COMPANY, *Appellant,* v. THE LYON COUNTY STATE BANK, *Appellee.*

(268 Pac. 859.)

Opinion filed July 7, 1928.

*W. S. Kretsinger,* of Emporia, for the appellant.

*W. C. Harris* and *Owen S. Samuel,* both of Emporia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action, one in replevin, to recover the possession of a piano. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The plaintiff, at St. Louis, Mo., was engaged in the sale of pianos. J. T. Pierson operated a music store in Emporia, Kan. He received the piano in controversy from the plaintiff under a written contract, which contained the following provisions:

"The undersigned will take your instruments on consignment, to be accounted for at agreed prices, and upon the following conditions:

"First: The instruments and proceeds of sale are your property, subject to your order and free from any claim whatsoever. The undersigned agrees to take good care of all instruments consigned and to be responsible for the safe-

keeping of the same; also to keep them insured for your benefit, with policies made payable to you in case of loss, to an amount not less than the consignment price of same.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Ninth: It is expressly understood that nothing in this agreement shall be in any sense construed as constituting a sale of said goods to the undersigned or as giving the undersigned an interest of any kind whatsoever in them."

The contract contained numerous provisions concerning the manner in which the piano was to be handled, but at all times studiously avoided using language which might be construed as meaning that the plaintiff intended selling the piano to Pierson. The piano in controversy was shipped to Pierson under the contract and was received by him at Emporia, Kan. After its receipt he executed to the defendant a chattel mortgage on it to secure the payment of a note in the sum of $750. The contract between the plaintiff and Pierson was not filed for record in the office of the register of deeds in Lyon county until April 21, 1927. The chattel mortgage was filed for record March 27, 1927. The plaintiff claims to be the owner of the piano and as such is entitled to the possession of it. The defendant had possession of the piano at the time the action was commenced and claimed the right of possession under the chattel mortgage. The question presented is not a new one.

In *McKinney v. Grant,* 76 Kan. 779, 93 Pac. 180, this court said:

"The contract copied in the statement of facts is held to be an agreement providing for the consignment of musical instruments by the presumptive owner thereof to an agent for sale, and not a contract of sale and purchase."

This case concerned the right to the possession of a piano consigned under a contract very similar to the present one.

Another case of the same nature is *Van Arsdale v. Peacock,* 90 Kan. 347, 133 Pac. 703. That action concerned a piano consigned by this plaintiff to a music dealer in Wichita under a contract similar to the one involved in this action. There this court said:

"An order and contract for the consignment of a piano are examined and held to create an agency, and that a mortgage made by the agent is not effective against the principal."

In the present action William Price, the president of the defendant bank, testified:

"I heard Mr. Samuel, our attorney, ask Mr. Veatch how much he had against the piano, and Veatch said something like $1,200 or $1,250. That was about a week before the suit was filed. The Baldwin people demanded the

piano of us and we refused to turn it over to them. We considered that we had a lien against it by reason of our mortgage."

The evidence disclosed that Mr. Veatch was the general agent of the Baldwin Piano Company. The defendant argues that the statement of Mr. Veatch amounted to an acknowledgment that the piano had been sold to Mr. Pierson. The court does not so construe the language used by Mr. Veatch. It was a response to a question by the attorney for the defendant concerning the claim of the plaintiff against the piano. The statement made by Mr. Veatch was not sufficient to create an estoppel against the plaintiff. (*Dent v. Smith,* 76 Kan. 381, 92 Pac. 307; *Simmons v. Shaft,* 91 Kan. 553, 555, 138 Pac. 614; *Commission Co. v. Hicks,* 92 Kan. 922, 931, 142 Pac. 276; *Jacquart v. Jennings,* 118 Kan. 224, 227, 235 Pac. 101; and *Nevins v. Shepard,* ante, p. 456, 268 Pac. 859.)

In L. R. A. 1917B, 626, is found an exhaustive note on "Construction of contract having some provisions peculiar to consignment and agency contracts, and others to sale contracts." However, the two Kansas cases cited are decisive in the present action; and, unless they are overruled the judgment cannot be sustained.

The judgment is reversed.